UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CALVIN THOMAS** | : | **DOCKET NO. 2:23-cv-0592** |
| D.O.C. # 532630 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint [doc. 1], filed pursuant to 42 U.S.C. § 1983, by plaintiff Calvin Thomas, who is proceeding pro se and in forma pauperis in this matter. Thomas is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana ("ACC"). He names as defendants Keith Cooley, Krystle Simon, Ricky Kennon, James Leblanc and Lt. Seal.

For reasons stated below **IT IS RECOMMENDED** that claims against James Leblanc be **DISMISSED WITH PREJUDICE**. Plaintiff's allegations against the remaining defendants will be addressed in a separate order.

**I.**
**BACKGROUND**

Thomas alleges that the named defendants are enforcing "non-neutral policies without a legitimate penological objective" related to hair exception status for Rastafarians.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Thomas has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Improper Defendant – James Leblanc*

Plaintiff names Secretary James Leblanc as a "vicarious supervisor." Doc. 1, p. 3. He does not allege facts to show Leblanc's personal involvement in any alleged constitutional violations.

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "'[A] plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation.'" *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (quoting *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003)).

Here, Plaintiff does not allege that LeBlanc affirmatively participated in any act that caused a constitutional deprivation. Instead, plaintiff pleads only vicarious liability, essentially faulting LeBlanc for the alleged actions of the other named defendants and naming LeBlanc as a defendant solely because of his position or title. See *Thompkins v. Belt*, 828 F.2d 298, 305 (5th Cir. 1987) ("[M]isconduct of Sheriff Belt's employees cannot be imputed to the sheriff individually . . . .").

Plaintiff does not allege that LeBlanc implemented an unconstitutional policy, practice, custom, or procedure that deprived him of any constitutional right.

Accordingly, the Court should dismiss plaintiff's claims against LeBlanc. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (opining, where a plaintiff "named the supervisory officials as defendants and alleged generally that they failed in their responsibilities as department heads[,]" that the plaintiff "failed to allege any particular defendant's

personal involvement in conduct that caused constitutional deprivation" and failed to allege "that any of the defendants implemented an unconstitutional policy causally related to his injury."); *Taylor v. LeBlanc*, 851 F. App'x 502 (5th Cir. 2021).

### III.
#### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that all claims against James Leblanc be **DENIED and DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 1ˢᵗ day of August, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE