# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **CALVIN THOMAS #532630** | **CASE NO.  2:23-CV-00592 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## JUDGMENT

For the reasons stated in the Report and Recommendation (Doc. 28) of the Magistrate Judge previously filed herein, determining that the findings are correct under the applicable law, and noting the objections to the Report and Recommendation in the record;

**IT IS ORDERED, ADJUDGED AND DECREED** that Defendant's Motion to Dismiss (Doc. 18) is **GRANTED IN PART** as to the following aspects of Plaintiff's claims: (a) claims for monetary damages under § 1983 against Defendants in their official capacities; (b) claims for compensatory damages under the PLRA; (c) First Amendment claims for compensatory damages; (d) claims for monetary damages under RLUIPA; and (e) request for transfer; and **DENIED IN PART** as to Plaintiff's claims for prospective injunctive relief to prevent Defendant's ongoing application of the religious service attendance policy and for nominal damages for violation of his First Amendment right to free exercise of his religion.  The Court finds that because this is a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), as opposed to a Motion for Summary Judgment

under Federal Rule of Civil Procedure 56,[1] the Court has to accept as true all factual allegations.

**THUS DONE AND SIGNED** in Chambers on this 21st day of October, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] See *Scott v. Mississippi Dept. of Corrections*, 961 F.2d 77 (May 19, 1992) (holding that when prison regulation allegedly impinges on inmate's constitutional rights, regulation is valid if it is reasonably related to legitimate penological interest.)